## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEOFFREY FREEMAN, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )     CIVIL NO. 09-cv-1055-JPG |
| | ) |
| PAT QUINN, et al., | ) |
| | ) |
|       **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Geoffrey Freeman, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

Freeman states that he learned of an outbreak of swine flu at Menard on October 27, 2009. Because he is currently taking medication to control his blood pressure, Freeman believes that he is a high-risk patient who is entitled to receive the H1N1 vaccine. He made a request for the vaccine to unspecified people, but that request was denied. Freeman was also told that due to the rampant nature of the disease and the shortage of available vaccine, he would not receive the vaccine due to his status as an inmate. Freeman asserts that denial of the vaccine constitutes deliberate indifference to his serious medical needs, in violation of his rights under the Eighth Amendment. He seeks immediate injunctive relief, as well as other remedies.

### *Exhaustion of Remedies*

As stated above, Freeman learned of the flu outbreak at Menard on October 27, 2009. He makes no allegation that he filed any sort of grievance or sought any form of administrative remedy once his request for the vaccine was denied. Instead, he signed his complaint on November 1, 2009, and this case was filed on November 9.

Freeman may not pursue his § 1983 claims in federal court until after he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies is usually an affirmative defense. Here, where it is clear on the face of the complaint that Freeman did not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007).

### *Deliberate Indifference*

Even if Freeman could establish that he did, in fact, fully exhaust his administrative remedies between October 27 and November 9, his complaint would still not survive review under § 1915A.

The Eighth Amendment requires the government " 'to provide medical care for those whom

it is punishing by incarceration." ' *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim of cruel and unusual punishment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. Therefore, Freeman must allege that he had a serious medical need (objective component) and that prison officials were deliberately indifferent to this need (subjective component). *See Estelle*, 429 U.S. at 104; *see also Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). In attempting to define "serious medical needs," the Seventh Circuit has held that they encompass not only conditions that are life threatening or that carry risks of permanent, serious impairment if left untreated, but also those in which the deliberately indifferent withholding of medical care results in needless pain and suffering. *See Gutierrez*, 111 F.3d at 1371, 1373. (" 'serious' medical need is one that has been diagnosed by a physician as mandating treatment").

Freeman alleges he has high blood pressure, and that he was at risk of contracting swine flu. Merely being at risk of contracting the disease, as was every other inmate at Menard, likely does not rise to the level of a serious medical need.

As for the subjective element, the Supreme Court has held that deliberate indifference requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 824, 837 (1994). Inadvertent error, negligence, gross negligence or even ordinary malpractice are insufficient grounds for invoking the Eighth Amendment. *See Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996); *see also Snipes*, 95 F.3d at 590-91. Deliberate indifference in the denial or delay of medical care can be shown by a respondent's actual intent or reckless disregard. Reckless disregard is highly unreasonable conduct or a gross departure from ordinary care in a

situation in which a high degree of danger is readily apparent. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).

The question is whether the denial of medical treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition," *Snipes*, 95 F.3d at 592, giving rise to a claim of deliberate indifference. *See also Estelle*, 429 U.S. at 104 (holding that deliberate indifference "is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed").

Freeman makes no allegation that any of the named defendants – Illinois Governor Pat Quinn, I.D.O.C. Director Michael Randle, or Warden Donald Gaetz – acted with deliberate indifference in denying him access to the vaccine. In fact, he makes no specific allegations against even one of these individuals. Thus, he has failed to state a claim upon which relief may be granted.

*Disposition*

The complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Freeman is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are now **MOOT**.

**IT IS SO ORDERED.**

**Dated: June 15, 2010.**

    s/ J. Phil Gilbert
    **U. S. District Judge**